IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

RONALD C. DIEHL, JR., #322-225

    Petitioner,

v.                                          Case No.: GJH-15-2830

MARYLAND PAROLE
COMMISSION, et al.,

    Respondents.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Ronald C. Diehl, Jr., a state prisoner, filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2012), alleging he has been detained for more than 60 days without having a parole revocation hearing. ECF No. 1 at 10. Respondents move to dismiss the Petition on the basis that Diehl has failed to exhaust his claims in state court. *See* ECF No. 4.

### I. BACKGROUND

Diehl has a lengthy criminal history that includes multiple convictions on assault and burglary charges. *See* ECF No. 4-3. The parties agree that at the time he was served with a parole revocation warrant, Diehl was charged in a separate criminal case for second-degree assault in the District Court for Baltimore County. *See* ECF No. 4-1.

### II. DISCUSSION

Diehl claims he is entitled to release from detention and bases his claim on a Maryland regulation requiring a revocation hearing within 60 days. *See* ECF No. 1 at 10. The relevant regulation provides that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated*. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

Md. Code Reg. 12.08.01.22(F)(2)(a) (2016) (emphasis added).

Diehl asserts he is being held solely because he has been "charged with a new criminal case," and implies that but for the retake warrant issued by the Maryland Parole Commission, he would be entitled to release pending disposition of the assault charges in the District Court of Maryland for Baltimore County. ECF No. 1 at 9–10. It appears that the parole retake warrant is not the sole document under which Diehl is currently detained, making the 60 day hearing requirement inapplicable.

Notwithstanding this analysis, his claim is a matter of state law and must first be presented to the state court for review before federal habeas relief may be granted. *See Francis v. Henderson*, 425 U.S. 536, 538, 96 S. Ct. 1708 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petitions challenging civil commitment).

Thus, before filing a federal habeas petition, petitioner must exhaust his claim by way of a habeas corpus petition filed in the state court. *See Rose v. Lundy*, 455 U. S. 509, 521, 102 S. Ct. 1198 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289

(4th Cir. 2000) (citations omitted). Exhaustion includes state court appellate review. *See Granberry v. Greer*, 481 U.S. 129, 134–35, 107 S. Ct. 1671 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 492, 497–98, 497 n.13, 93 S. Ct. 1827 (1973).

### III. CONCLUSION

For the foregoing reasons, Petitioner's request for habeas corpus relief is **DENIED** without prejudice. A Certificate of Appealability shall not issue and the Clerk shall be directed to close this case. A separate Order follows.

Dated: January 19, 2016

GEORGE J. HAZEL
United States District Judge